838 F.2d 1209
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard C. FIREBAUGH, Plaintiff-Appellant,
v.
GENERAL ELECTRIC COMPANY, Defendant-Appellee.
 No. 87-1564.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 5, 1988.
Decided: Feb. 5, 1988.
 
 John Palmer Fishwick, Jr. for appellant.
 Clinton Stephen Morse (Woods, Rogers & Hazelgrove on brief) for appellee.
 Before DONALD RUSSELL and ERVIN, Circuit Judges, and JAMES R. SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiff, Richard C. Firebaugh, appeals the district court's grant of summary judgment in favor of his employer, General Electric Company (G.E.), on Firebaugh's claims for breach of contract, wrongful discharge, and intentional infliction of emotional distress. We find no error in the grant of summary judgment and affirm.
 
 
 2
 The pertinent facts of this case are not in dispute. Firebaugh was employed by G.E. in 1956 and worked there until December of 1984. Periodic evaluations of plaintiff throughout this time period show that he had often been cited for attitude problems. Specifically, Firebaugh was known to have trouble in controlling his temper and in dealing with others in the workplace.
 
 
 3
 Firebaugh's evaluation of June 1984 was prepared by Phil Delpierre, Firebaugh's immediate supervisor who again cited attitude and temper problems on Firebaugh's part. Firebaugh was incensed by this evaluation and asked for a review by Delpierre's supervisor, Tom Kidd. Kidd met with plaintiff and suggested that plaintiff meet with Rudy Kluksdahl, who was to replace Kidd. It is disputed whether a separate meeting with Kluksdahl ever took place. Firebaugh continued to request additional meetings and reviews until December 6, 1984, when G.E. arranged a meeting between Firebaugh, Delpierre, Kluksdahl, and R.B. Farley, G.E.'s manager of employee relations. Firebaugh lost his temper at this meeting and began shouting profanities at Delpierre who then requested that Firebaugh be removed from his department. Firebaugh was not terminated but was transferred to a different job that paid twenty percent less than his current job. Rather than accept the transfer, Firebaugh resigned and instituted this action.
 
 
 4
 Plaintiff contends that G.E. has an implied contract with its employees to review work evaluations and that G.E. violated this contract with Firebaugh. The district court found that "even assuming there was such a contract, the court finds that defendant afforded Firebaugh everything that the contract required." JA at 287. We agree with the judgment of the district court. If Firebaugh did have a right to have his evaluation reviewed, this right was satisfied by Firebaugh's meetings with four G.E. supervisors: Delpierre, Kidd, Kluksdahl, and Farley.
 
 
 5
 The district court also acted properly in granting summary judgment in favor of G.E. on plaintiff's claim for wrongful termination. Since plaintiff was not actually fired, he must establish constructive discharge and this Court has held that constructive discharge occurs only when an employer intentionally forces an employee to quit his job. Bristow v. Daily Press, Inc., 770 F.2d 1251 (4th Cir.1985), cert. denied, 475 U.S. 1082 (1986). We agree with the district court that G.E.'s transfer of Firebaugh was not intended to make him quit his job. The evidence shows that G.E. tried to get Firebaugh to reconsider his decision to quit and even offered to make the twenty percent reduction in pay effective in increments so as to lessen its impact. Firebaugh's decision to resign was his own and was not forced on him by G.E.
 
 
 6
 Finally, we turn to plaintiff's claim for intentional infliction of emotional distress. In Virginia, a cause of action for emotional distress requires a showing that "the conduct [plaintiff's transfer] was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality." Womack v. Eldridge, 215 Va. 338, 210 S.E.2d 145, 148 (1974). The district court found as a matter of law that G.E.'s actions did not rise to the level of outrageous conduct. We agree.
 
 
 7
 Accordingly, the judgment of the district court is
 
 
 8
 AFFIRMED.